-i-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMILAH JOLLY; DIEGO ALVAREZ-MIRANDA EZPELETA; and VAUGHN BOBB-WILLIS; individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br>    v.<br><br>FURTHERED, INC. d/b/a LAWLINE, INC.,<br><br>                    Defendant. | Case No. 1:24-cv-06401-LJL<br><br>(*consolidated with Case No. 1:24-cv-06709*)<br><br>Hon. Lewis J. Liman |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO STAY CASE PENDING
MOTION TO DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**

**I.     INTRODUCTION**

Defendant FurtherEd, Inc. d/b/a Lawline ("Defendant" or "Lawline") respectfully submits this memorandum of points and authorities in support of its motion to stay the above-captioned action pending decisions in *Macalpine et al. v. Omnit Labs, Inc.*, No. 1:24-cv-00933-DII (W.D. Tex. Aug. 15, 2024), *Golland et al. v. Major League Baseball Advanced Media, L.P.*, No. 1:24-cv-06270 (S.D.N.Y. Aug. 20, 2024), and/or resolution of Defendant's Motion to Dismiss Plaintiffs' Second Amended Class Action Complaint (the "Motion to Dismiss").

**II.     FACTUAL BACKGROUND**

On August 23, 2024, Plaintiff Kamilah Jolly ("Plaintiff Jolly") filed a Class Action Complaint against Defendant alleging violation of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710 in Case No. 1:24-cv-06401 (the "Jolly Action"). Dkt. 1. On September 4, 2024, Plaintiff Diego Alvarez-Miranda Ezpeleta ("Plaintiff Ezpeleta") also filed a Complaint against Defendant alleging violation of the VPPA in Case No. 1:24-cv-06709 (the "Ezpeleta Action"). On October 15, 2024, Plaintiffs' counsel Matthew Langley and Arun Ravindran filed a Motion to Consolidate the two cases in the Ezpeleta Action. On October 17, 2024, the court granted the Motion to Consolidate and the two actions were consolidated into the Jolly Action. Dkt. 6.

On November 8, 2024, Plaintiffs filed a First Amended Consolidated Complaint to join the Jolly Action and the Ezpeleta Action together, and added Plaintiff Vaughn Bobb-Willis ("Plaintiff Willis") as a named plaintiff in the action. Dkt. 14.

On January 29, 2025, Plaintiffs filed a Second Amended Complaint. Dkt. 31. The SAC asserts a claim under the VPPA, alleging that Defendant unlawfully disclosed personally identifiable information ("PII") to Meta through the use of the Meta Pixel on its website,

Lawline.com. Specifically, Plaintiffs claim that Lawline transmitted their Facebook ID ("FID"), subscription status, and video viewing information to Meta. Dkt. 31, ¶ 3.

### A. Plaintiffs' Counsel Filed Other Nearly Identical Class Action Complaints.

On August 15, 2024, the same Plaintiffs' counsel here filed a nearly identical Class Action Complaint in *Macalpine et al. v. Omnit Labs, Inc.* No. 1:24-cv-00933-DII. On November 12, 2024, defendant Omnit Labs, Inc. filed a Motion to Dismiss the Second Amended Complaint raising substantially similar legal and factual challenges as Defendant's motion to dismiss the Second Amended Complaint in this present action. The U.S. District Court for the Western District of Texas has yet to issue an order on the pending Motion to Dismiss in *Omnit Labs*.

On August 20, 2024, the same Plaintiffs' counsel here filed another nearly identical Class Action Complaint in *Golland et al. v. Major League Baseball Advanced Media, L.P.*, Case No. 1:24-cv-06270 in this same district. On December 19, 2024, defendant Major League Baseball Advanced Media, L.P. filed a Motion to Dismiss and Strike the Amended Complaint raising substantially similar legal and factual challenges as Defendant's motion to dismiss the Second Amended Complaint in this present action. The U.S. District Court for the Southern District of New York has yet to issue an order on the pending Motion to Dismiss in *Major League Baseball Advanced Media, L.P.*[1]

Good cause exists to stay discovery in this action pending resolution of these three motions to dismiss.

---

[1] Since the filing of the Ezpeleta Action, Plaintiffs' counsel has filed at least six nearly identical lawsuits alleging VPPA violations, including *Comarow v. TRTCLE, Corp.* (Case No. 1:24-cv-07096) and *Jordan V. Crunch, LLC.* (Case No. 1:24-cv-07118), also filed in the U.S. District Court for the Southern District of New York.

**III.    LEGAL STANDARD**

A motion to dismiss does not automatically stay discovery, except in cases covered by the Private Securities Litigation Reform Act. *Brooks v. Macy's, Inc.*, No. 10 Civ. 5304 (BSJ)(HBP), 2010 U.S. Dist. LEXIS 135415, at *3 (S.D.N.Y. Dec. 21, 2010). However, under Federal Rule of Civil Procedure 26(c), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 U.S. Dist. LEXIS 78476, at *2 (S.D.N.Y. Sep. 1, 2009). Furthermore, "a court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case." *Alford v. City of N.Y.*, No. CV 2011-0622 (ERK)(MDG), 2012 U.S. Dist. LEXIS 37876, at *2 (E.D.N.Y. Mar. 20, 2012).

In determining whether to grant a motion to stay, courts may consider: "'(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Brooks*, 2010 U.S. Dist. LEXIS 135415, at *2 (citation omitted). However, a stay may also be warranted where a pending motion to dismiss presents "substantial arguments for dismissal" or where the defendant has made "a strong showing that the plaintiff's claim is unmeritorious." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Courts have also found that harm does not factor into a court's decision of whether not to stay discovery. *Thai Lao Lignite (Thai.) Co. v. Gov't of the Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 520 n.9 (S.D.N.Y. 2013). Courts in this Circuit recognize that discovery is properly stayed where a motion to dismiss presents substantial arguments for dismissal and resolving the motion may dispose of the case entirely. *Negrete v. Citi Bank, N.A.*, No. 15 Civ. 7250 (RWS), 2015 U.S. Dist. LEXIS 163773, at *2-3 (S.D.N.Y. Dec. 4, 2015) (granting a motion to stay pending resolution of a motion to dismiss due to the potential dismissal of all if the motion to

dismiss were granted); *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

## IV.   ARGUMENT

The factors weigh in favor of a stay in this case because Defendant's Motion to Dismiss presents substantial arguments for dismissal, and proceeding with discovery at this stage would impose an unnecessary burden on the parties and the Court.

First, the breadth of discovery Plaintiffs will seek is significant, as Plaintiffs allege a class-wide violation of the VPPA, which could require extensive document production, depositions, and expert analysis. Engaging in such discovery before the Court has determined whether Plaintiffs' claims can survive dismissal would be inefficient and wasteful.

Second, there is no undue prejudice to Plaintiffs if discovery is stayed. Any delay would be temporary and limited to the resolution of the aforementioned motions to dismiss. Courts in this Circuit have recognized that harm does not factor into a court's decision of whether to stay discovery so long as the moving party shows good cause, or that resolution of the motion may dispose of the entire action. *Thai Lao Lignite*, 924 F. Supp. 2d at 520 n.9; *Siemens Credit Corp. v. Am. Transit Ins. Co.*, No. 00 CIV. 0880 (BSJ), 2000 U.S. Dist. LEXIS 6014, at *2 (S.D.N.Y. Apr. 29, 2000).

Defendant's Motion to Dismiss unquestionably satisfies all factors of the tests used by Second Circuit courts when deciding whether a stay of discovery pending resolution of a dispositive motion is appropriate. The Court's ruling on the Motion to Dismiss is potentially dispositive of the *entire* case, and that ruling can be made without additional discovery. Starting discovery immediately will not hasten resolution of any issue in the case, and will serve no purpose

other than to permit Plaintiffs to expand the time for discovery. A stay in this case would promote judicial economy, conserve the resources of the parties, and would not prejudice Plaintiffs.

### A.     The Motion To Dismiss is Case-Dispositive and Good Cause Exists to Stay Burdensome and Expensive Discovery.

Defendant seeks dismissal of the Complaint in its entirety. Moreover, a preliminary look at the merits of the Motion to Dismiss reveals that it includes numerous strong bases for dismissal. As explained in the Motion to Dismiss, even accepting Plaintiffs' allegations at face value, Plaintiffs do not come close to pleading an actionable VPPA claim.

Indeed, because the Motion to Dismiss is likely to dispose of the only cause of action in the case, commencing discovery before resolving the Motion will almost certainly result in a waste of the Parties' and the Court's time and resources. Because Defendant's pending Motion to Dismiss is potentially dispositive of the entire case and can be decided without discovery, staying discovery would further the goal of efficiency for the court and litigants. *See Catskill Mountains Chapter of Trout Unlimited, Inc. v. U.S. Envtl. Prot. Agency*, 630 F. Supp. 2d 295, 306 (quoting *Riverkeeper, Inc. v. U.S. Envtl. Prot. Agency*, No. 06-CV-12987, 2007 U.S. Dist. LEXIS 87450, at * 2 (S.D.N.Y. Nov. 26, 2007) ("By conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the Parties, the nonparties, and the public in 'an orderly and efficient use of judicial resources.'")). The interests of the Court will be served because staying this action promotes judicial efficiency, and minimizes the potential for a conflict between the courts' rulings. *See Snyder v. Green Rds. of Fla. LLC*, 430 F. Supp. 3d 1297, 1302 (S.D. Fla. 2020) (quoting *Lopez v. Miami-Dade Cty.*, 145 F. Supp. 3d 1206, 1208 (S.D. Fla. 2015)) (stays promote judicial economy, reduce confusion and prejudice, and prevent inconsistent resolutions and potential market confusion).

Furthermore, the interest of the public will be served if discovery is stayed because "'considerations of judicial economy are frequently viewed as relevant to the public interest, and, as noted, they weigh against the investment of court resources that may prove to have been unnecessary.'" *Readick v. Avis Budget Grp., Inc.*, No. 12 Civ. 3988 (PGG), 2014 U.S. Dist. LEXIS 58784, at *15 (S.D.N.Y. Apr. 28, 2014) (citations omitted). Additionally, the interests of nonparties will be served by awaiting decisions in the motions to dismiss because they will provide instrumental direction on the core issues in this case. *See McCracken v. Verisma Sys., Inc.*, No. 6:14-cv-06248(MAT), 2018 U.S. Dist. LEXIS 152008, at * 13 (W.D.N.Y. Sept. 6, 2018) ("the interests of any possible nonparties to this litigation would be better served by awaiting a decision in *Ruzhinskaya*, which will provide invaluable guidance to the Court on key trial issues in this case"). The burdens and costs of discovery should be deferred unless and until Plaintiffs can plausibly plead their claim.

A temporary stay of discovery pending the Court's decision on these motions to dismiss will not prejudice Plaintiffs. In contrast, Defendant would face significant prejudice if required to engage in costly and time-consuming discovery associated with a putative class action. Class action discovery is an expensive and burdensome process, and that burden typically falls disproportionately on defendant, as it would here, because "class action plaintiffs typically possess no or very limited discoverable materials, while defendants may have reams of documents and terabytes of electronic data. Class action plaintiffs thus have an incentive to seek aggressive discovery (and log a tremendous number of hours in the process) without fear of reciprocally burdensome discovery." *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 666 (9th Cir. 2020)

### B. No Discovery Is Needed For The Court To Rule On The Motion To Dismiss.

In federal court, "'the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The decision whether to issue a stay is "'firmly within a district court's discretion.'" *Catskill Mountains Chapter of Trout Unlimited, Inc.*, 630 F. Supp. 2d at 304 (quoting *LaSala v. Needham & Co., Inc.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005)).

The Motion to Dismiss relies on facts pled in the Second Amended Complaint, and none of the discovery propounded by Plaintiffs to date would be relevant to the Court's decision on the Motion to Dismiss. *See, e.g.*, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" (citations omitted)); *see also Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 ("[T]he purpose of F.R. Civ.P.12(b)(6) [sic] is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.").

## V. A STAY OF THIS ACTION IS WARRANTED BASED ON THE FIRST-FILED RULE AND PRINCIPLES OF JUDICIAL ECONOMY

### A. The First-Filed Rule Favors a Stay in this Action Pending Rulings in *Omnit* and *Major League Baseball Advanced Media's* Motions to Dismiss.

The well-established "first-filed" rule allows a district court to transfer, stay or dismiss an action when a similar complaint has been filed in another federal court. *Fit & Fun Playscapes, LLC v. Sensory Path, Inc.*, No. 19 Civ. 11697 (NSR), 2022 U.S. Dist. LEXIS 6606, at *6-7 (S.D.N.Y. Jan. 12, 2022). The underlying purpose of the first-filed rule is to avoid duplicative

litigation and promote judicial efficiency. *Id*. Courts applying the first-filed rule must look to three threshold factors in deciding whether to apply the first-filed rule: the chronology of the actions, the similarity of the parties, and the similarity of the issues. *Id*.

The first-filed rule applies here because the *Omnit* and *Major League Baseball Advanced Media* cases were filed before this case, and all involve nearly identical legal issues. While the named plaintiffs and defendants in the three cases are different, the plaintiffs are all represented by the same counsel and seek to bring similarly defined class actions against corporations under nearly identical legal theories. *See Carrera v. First Am. Home Buyers Protection Co.*, No. CV 11-10242-GHK (FFMx), 2012 WL 13012698, at *3-4 (C.D. Cal. Jan. 24, 2012) ("the fact that the named plaintiffs in these two putative class actions are different is irrelevant; the issue is whether the classes are defined similarly"). Furthermore, the key legal issues overlap, and the resolution of one defendant's motion to dismiss will necessarily affect resolution of the others given that the motions all raise *substantially similar* legal challenges.

The first-filed rule applies here and weighs in favor of this action being stayed pending the result of the motions to dismiss in *Omnit* and *Major League Baseball Advanced Media* and/or the Court's order on Defendant's Motion to Dismiss in this case.

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court stay this action pending resolution of the substantially similar motions to dismiss filed by defendants in *Omnit* and *Major League Baseball Advanced Media* and/or resolution of Defendant's Motion to Dismiss in this action.

| | |
|---|---|
| Dated: February 28, 2025 | MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C. |

By _/s/ Joshua Briones/_
Joshua Briones*
Grecia Rivas-Rudra*
2049 Century Park East. Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
jbriones@mintz.com
grivas@mintz.com

Erin E. Galliher
919 Third Avenue
New York, NY 10022
Telephone: (212) 935-3000
Facsimile: (212) 983-3115
eegalliher@mintz.com

*Attorneys for Defendant FurtherEd, Inc. d/b/a Lawline*

*\*Admitted Pro Hac Vice*

**ATTORNEY CERTIFICATE OF WORD-COUNT COMPLIANCE**

    Pursuant to Local Rule 7.1(c), Defendant specifies that the foregoing brief was prepared on a computer using Microsoft Word. Pursuant to the word count system in Microsoft Word, the total number of words in the brief, inclusive of headings and footnotes and exclusive of pages containing the caption, table of contents, the table of authorities, the signature block, and the certificate of compliance is words 2,368.

Dated: February 28, 2025

MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.

By _/s/ Joshua Briones_
Joshua Briones*
Grecia Rivas-Rudra*
2049 Century Park East. Suite 300
Los Angeles, CA 90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202
jbriones@mintz.com
grivas@mintz.com

Erin E. Galliher
919 Third Avenue
New York, NY 10022
Telephone: (212) 935-3000
Facsimile: (212) 983-3115
eegalliher@mintz.com

*Attorneys for Defendant FurtherEd, Inc. d/b/a Lawline*

*\*Admitted Pro Hac Vice*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on February 28, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

                                                                                          _____
                                                                                          Joshua Briones